IN THE COUNTY COURT OF MADISON COUNTY, MISSISSIPPI

**FILED**
MADISON COUNTY
OCT 21 2020
ANITA WRAY, CIRCUIT CLERK
BY_____ D.C.

**TRACY BACON**                                                                 **PLAINTIFF**

**VS**                                                    CIVIL ACTION NO. CO-2020-135150

**CASE & ASSOCIATES PROPERTIES, INC.**                              **DEFENDANTS**
**XYZ CORP 1-10 and JOHN DOES 1-10**

<u>*Jury Trial Demanded*</u>

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, Tracey Bacon, and in support of this, her Complaint for damages against the Defendants, respectfully alleges the following:

1. Plaintiff is an adult resident citizen of Madison County, Mississippi.

2. Defendant, Case & Associates Properties, Inc., is an Oklahoma corporation. It may be served with process by its registered agent for service of process, Cogency Global Inc., at 248 E. Capitol Street, Suite 840, Jackson, MS 39201.

3. XYZ Corporations 1-10 (Defendants) and John Does 1-10 (Defendants) are fictitious and unknown parties who may be responsible parties whose negligent acts caused or contributed to the Plaintiff's injuries. The identity of this party or the identities of these parties are unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

4. The Plaintiff was a tenant per a residential lease contract with the Defendant, Case & Associates Properties, Inc., and as such, was a lawful tenant residing on the residential

premises owned, operated and/or controlled by the Defendant in an apartment known as "The Trace of Ridgeland" located at 340 Arbor Drive Ridgeland, within Madison County, MS, and conferred economic benefit upon Defendant.

5. That all Defendants owed a duty to the Plaintiff and other foreseeable persons, to provide habitable and reasonably safe conditions in accordance with the *Mississippi Residential Landlord Tenant Act* found at *Miss Code Anno. §89-8-1 et seq.* (1972, as amended) and to act in good-faith in the performance of the residential lease contract, and permit the Plaintiff to exercise full use of the premises whereas it is free from hazardous conditions upon the Defendant's premises.

6. That at all times during the Plaintiff's tenancy, one or all Defendants had a duty to exercise reasonable care, to perform the contract with reasonable and ordinary care, to maintain the premises in a reasonably safe condition and to inspect, maintain, repair or remedy any hazardous conditions upon the premises that it knew of or should have known of in the exercise of reasonable diligence.

7. That one or all Defendants negligently breached said duties owed to the Plaintiff insofar as said premises were not maintained in a reasonably safe condition, known hazardous conditions were not remedied nor were the premises maintained in compliance with known and achievable industry standards concerning the walkways and common areas which proximately caused the occurrence and Plaintiff's injuries.

8. Specifically, on August 28, 2019, as the Plaintiff's was walking on an asphalt walkway to her apartment that was not adequately lit, she encountered broken and protruding asphalt which caused her to trip with her right foot, lose her balance and then step on a pine cone with her left foot then fall down and sustain bodily injuries.

9. Defendants had a duty to design, construct, deliver and maintain said premises in a reasonably safe condition and to remedy all hazardous conditions in which they had actual or constructive knowledge of, by and through reasonable study, research and inspection and those defective and hazardous conditions that were discoverable upon reasonable diligence.

10. Defendants breached their duty and duties to foreseeable persons, specifically the Plaintiff, and due to Defendants' failure to design, construct, deliver, maintain, replace or otherwise provide a reasonably safe walkways and their surrounding area for the use of invitees and foreseeable persons such as the Plaintiff, their failure to provide same and warn of this unsafe condition or otherwise remedy same, and other negligent acts was the proximate cause of the occurrence.

11. Defendants, including those responsible for the selection, design and construction of the walkways, as well as proper and safe repair and maintenance and illumination of the walkways, were negligent in failing to fulfill their responsibilities created by their connection with the same.

12. Therefore, these Defendants are liable for their own acts of negligence, and vicariously liable for any employee's individual and respective negligence, failure to select, design, construct, deliver, maintain, replace, or repair the subject walkway to a reasonably safe condition, failure to warn of any unsafe condition and otherwise negligent acts.

13. Defendants' actions and omissions, in light of the longstanding and well-known nature of the unsafe condition and the need remedy same to prevent inevitable injuries in the apartment setting, are indicative of negligence.

14. Defendants are liable under the legal theory of *res ipsa loquitor.*

15. Said negligence on the part of the Defendants was the sole, proximate, contributing and/or immediate cause of the occurrence and the resulting injuries to the Plaintiff. As a further direct and proximate cause of Defendants' disregard for plaintiff's safety and well-being and other negligent acts, Plaintiff suffered serious injuries and incurred substantial damages in the amount to be determined by the Court. These damages include, but are not limited to the following:

a. past, present and future medical expenses;

b. past, present and future physical pain and suffering;

c. past, present and future mental and emotional distress;

d. inconvenience and discomfort;

e. past lost wages;

f. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, for all damages available at law in an amount to be determined by the jury as well as all recoverable costs.

Respectfully submitted, this the 8th day of October, 2020

TRACEY BACON, PLAINTIFF

By:   _s/Yancy B. Burns_
      Yancy B. Burns

YANCY B. BURNS, Esq.
Mississippi Bar No. 99128
***Burns & Associates, PLLC***
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone: (601) 487-6997
Facsimile: (601) 487-6958

# BURNS & ASSOCIATES, PLLC
## Attorneys at Law

October 8, 2020

**FILED**
MADISON COUNTY
OCT 21 2020
ANITA WRAY, CIRCUIT CLERK
BY_____ D.C.

Anita E. Wray
Circuit Clerk of Madison County
P.O. Box 1626
Canton, MS 39046

Re:   *TRACY BACON V. CASE & ASSOCIATES PROPERTIES, INC.*

Dear Ms. Wray:

Enclosed please find an original and copies of a Complaint, along with a Civil Cover Sheet and this firm's check in the amount of $161.00 representing the filing fee in this matter. Also, enclosed are the original and one copy of the Summons for the Defendant. Please file the original complaint, issue the Summons and return to me in the enclosed envelope for service upon the Defendant. Should you have any questions or concerns please do not hesitate to contact our office. Thank you for your attention to this matter.

Sincerely,
**Burns & Associates, PLLC**

YANCY B. BURNS

RECEIVED
OCT 16 2020
By_____

629 N. Jefferson Street • Jackson, MS 39202
P.O. Box 16409 • Jackson, MS 39236-6409
Phone: 601-487-6997 • Facsimile: 601-487-6958
www.burnsandassociateslaw.com

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

TRACY BACON VS CASE %& ASSOCIATES PROPERTIES

Case # CO-2020-1351      Acct #        Paid By CHECK 9713        Rct#   89898

```
            CV CLERK'S FEE                            85.00
            CV LAW LIBRARY                             2.50
            CV COURT REPORTER TAX                     10.00
            CV COURT EDUCATION                         2.00
            CV COURT ADMINISTRATOR                     2.00
            CV CIVIL LEGAL ASSISTANCE FUND             5.00
            CV COMPREHENSIVE ELECTRONIC CT            10.00
            CV JURY TAX                                3.00
            CV CONSTITUENTS FE                          .50
            CV RECORDS MANAGEMENT PROGRAM              1.00
            CV-JUDICIAL SYS OPERATION FUND            40.00
                                                  ===========
                                       Total   $   161.00
```

Payment received from BURNS AND ASSOCIATES

Transaction   92931 Received 10/21/2020 at 18:43 Drawer   1 I.D. MONICA

Current Balance Due           $0.00              Receipt Amount $    161.00

  By _____ D.C.   ANITA WRAY, Circuit Clerk

Case # CO-2020-1351     Acct #         Paid By CHECK 9713         Rct#   89898